(56 Misc. Rep. 639.)

SHEPPARD v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   December 12, 1907.)

1. CARRIERS—INJURY TO PASSENGER—NEGLIGENCE OF CONDUCTOR—EMERGENCY ACTION.

Where a female passenger on a street car, after the conductor gave one bell and the car slowed up, got on the running board, ready to alight, but made no other move to alight, and the conductor then seeing her gave three bells to stop the car, for fear she would step down, whereupon it was stopped with a jerk throwing her off, the carrier is not absolved from liability for the conductor's negligence, on the ground that he acted when the passenger was in apparent danger, and for her safety, and that, if he made a mistake in judgment, it was not responsible therefor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1205.]

2. APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Exclusion of questions to show that a witness had made an affidavit, contradictory of his testimony, is harmless; the making of the affidavit, which was admitted in evidence, being admitted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 4194–4199.]

Appeal from City Court of New York.

Action by Mary Sheppard against the New York City Railway Company. From a judgment for a verdict for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

James L. Quackenbush (Bayard H. Ames and Walter Henry Wood, of counsel), for appellant.

Charles E. Simms, for respondent.

BRUCE, J.  This action is brought to recover damages for personal injuries which the plaintiff alleges she sustained by reason of the negligence of the conductor of one of defendant's south-bound Amsterdam Avenue cars upon which she, together with her daughter and a friend, was a passenger.  The testimony of plaintiff and her companions was that as the car neared the north corner of Sixty-Ninth street she arose and signaled the conductor to stop.  The conductor gave one bell, and the car slowed up.  The plaintiff then got down on the running board of the car ready to alight, and while she was in this position the conductor gave three bells, and the car stopped with a jerk, which loosened her hold and threw her to the street, from which fall she sustained the injuries complained of.  The conductor was also called by the plaintiff, and gave the same account of the accident, except that he adds that after giving the one bell his attention was diverted from the plaintiff by a "drunk," and that, upon turning back again, he saw her on the running board and "gave three bells to stop the car for fear she would step down."  Only one witness, the investigator, was called by the defendant, by whom the defendant desired to show that the conductor, shortly after the accident, made an affidavit in which he stated that plaintiff stepped from the car while it was in motion.  The case was submitted to the jury upon the sole question of the conductor's negligence and plaintiff's freedom from contributory negligence.  There were no exceptions to the

charge and no requests to charge. This appeal is based upon the court's refusal of the motion to dismiss the complaint, upon the ground that the plaintiff's evidence shows that the conductor gave the three bells at a time when the plaintiff was in apparent danger, and for her protection, and that even if he made a mistake in judgment the defendant is not responsible therefor. Although the principle relied upon by the defendant is undoubtedly sound, I do not think it applies to this case. There is no evidence that the plaintiff had extended her foot or made any preparation to alight, other than that she was on the running board. The only apparent danger to which she was exposed is present every time a woman gets upon the running board or step of a car ready to alight before the car comes to a complete stop. None of the cases called to the attention of the court has held that such a situation or any similar one calls for or justifies emergency action by a railway employé, and I think that to say that this principle applies to the facts here would be to extend it to an unreasonable and dangerous length. The exclusion of the questions to the investigator did not constitute reversible error, as they only tended to corroborate the affidavit of the conductor which he admitted signing, and which purported on its face to have been sworn to before the witness, and which was admitted in evidence. The conductor was already discredited, and without his testimony there were three witnesses for the plaintiff who were unimpeached and whose story was not contradicted.

Judgment affirmed, with costs. All concur.